UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 26-1783

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

DAVID M. SCANLAN, NEW HAMPSHIRE SECRETARY OF STATE;
THE STATE OF NEW HAMPSHIRE;

Defendants - Appellees

NEAL KURK; ROBERT PERRY; LOUISE SPENCER; CHRISTOPHER COLE

Intervenors - Appellees

**MOTION FOR SUMMARY DISPOSITION**

The State Defendants, David M. Scanlan, New Hampshire Secretary of State and the State of New Hampshire, by and through counsel, the New Hampshire Department of Justice, hereby move pursuant to Local Rule 27(c) for summary disposition.

In support thereof, the State Defendants state the following:

1. This Court may, at any time, "dismiss the appeal … or affirm and enforce the judgement or order below if … it shall clearly appear that no substantial question is presented." Local Rule 27(c).

2. This appeal should be so dismissed as there is no substantial question as to the facial insufficiency of the federal government's demand for New Hampshire's Statewide Voter Registration List (SVRL). That issue being dispositive,[1] granting of this motion would render resolution of all other issues unnecessary and moot.[2]

**Background:**

3. On August 18, 2025, the United States Attorney General sent New Hampshire Secretary of State Scanlan a letter demanding he provide her an unredacted copy of New Hampshire's SVRL. USA's Apx. P.53-54. The letter stated that the demand was being made pursuant to the United States Attorney General's "authority to enforce" the Help America Vote Act (HAVA) and the Civil Rights Act of 1960 (CRA). *Id.* The letter also stated that "the purpose" of the

[1] The district court considered two issues: whether Secretary Scanlan violated the Civil Rights Act (CRA) by failing to produce an unredacted copy of the SVRL and whether New Hampshire was in violation of HAVA. *See* Attachment: Memorandum Order. These issues corresponded to the two counts of the federal government's complaint. USA's Apx. P.34-36. The federal government does not appeal the district court's finding with relation to HAVA and instead limits its arguments on appeal to the issue of whether New Hampshire was obliged to turn over an unredacted copy of the SVRL pursuant to the CRA. As such, a determination that no valid CRA demand has been made is dispositive and sufficient to resolve this appeal in favor of the State Defendants.

[2] As of the time of this filing, the State Defendants have a motion to extend their briefing deadline pending before this Court. The State Defendants continue to request such an extension and continue to intend to file a brief on or before the extended deadline so as to allow this appeal to proceed forward without delay should this motion be denied.

demand was to ascertain New Hampshire's compliance with HAVA's list maintenance requirements. *Id.*

4. When Secretary Scanlan declined to comply with this demand, noting he was not authorized by law to turn over an unredacted copy of the State's SVRL, the federal government filed suit. Apx. P.22-38, 56. The State Defendants filed a motion to dismiss, which was granted by the federal district court. *See* Attachment: Memorandum Order. Among other grounds, the district court agreed with the State Defendants that the federal government's August 18 demand letter was facially insufficient as it stated only a purpose and not a basis for its demand. *Id.* at P.14-20.

5. The federal government then appealed to this Circuit Court and filed an opening brief claiming several of the district court rulings were in error. As to the facial insufficiency of the August 18 demand letter, the federal government concedes, as it must, that to be valid, a CRA demand for records from the federal government must have both a written statement of the basis and of the purpose of the demand. USA's Opening Brief, P.36. The federal government then argues that the August 18 letter "satisfied these requirements" because in the demand letter:

> the Department stated that "the purpose of [the Department's] request [for the unredacted SVRL] is to ascertain New Hampshire's compliance with the list maintenance requirements of HAVA under 52 U.S.C. 21083(b)(4)(A) and (B)." Under any reasonable interpretation of this statement the basis for the

> [US]DOJ's written demand is clear—that New Hampshire's list maintenance program may violate HAVA—and thus the demand put Secretary Scanlan on "reasonable notice of the pendency of the proceeding." *Lynd II*, 306 F.2d at 226.

USA's Opening Brief, P.38.[3]

**Analysis:**

6. The federal government's assertion that its August 18 demand letter was facially sufficient does not present a substantial question warranting full briefing and First Circuit review. Instead, it is one that should be summarily disposed of as clearly without merit.

7. Federal law requires custodians of certain voting related records to turn over those records "upon demand in writing by the Attorney General[.]" 52

[3] The State Defendants would note that this is a different argument than the federal government made below and therefore is not preserved for review. *See generally AHA v. Kennedy*, 164 F.4th 28, 35 (1st Cir. 2026) (explaining that the federal government cannot advance a new or different argument for the first time on appeal). In the federal government's written objection to the State Defendants' motion to dismiss, below the federal government contended that it had stated the basis for its demand in writing by making "reference to the statutory basis for making the demand, namely the CRA[.]" USA's Apx. P.109-10. However, the federal government effectively abandoned this argument when, at oral argument on the Motion to Dismiss, the attorney for the United States told the district court in no uncertain terms that the federal government's position was now that the very first sentence of the letter ("We are writing in response to your letter of July 25, 2025.") was the basis. USA's Apx. P.149-50. The federal government appears to have again abandoned its previous argument and has shifted to this third and current assertion that the basis can be "interpreted" from the stated purpose. USA's Opening Brief, P.38. The argument is not preserved for review.

U.S.C. 20703. This written demand "shall contain a statement of the basis and the purpose therefor."[4] *Id.*

8. As explained above, the federal government now contends that the basis for the demand was "that New Hampshire's list maintenance program may violate HAVA"[5] and it contends that this basis "is clear" from "any reasonable interpretation of" the stated purpose. USA's Opening Brief, P.38.

9. Setting aside the factual accuracy of the assertion that the federal government's basis is obvious or easily inferable from the purpose stated in the letter, the law clearly and unequivocally requires demands made under the CRA to contain a *written statement* of the basis therefor and not simply that the basis be somehow inferable from the purpose. 52 U.S.C. 20703.

10. This is not a high bar. *See generally Lynd*, 306 F.2d at 229 n.6 (finding sufficient a statement of the basis and the purpose which explained the demand was based upon information in the government's possession tending to

[4] As the district court found, this language—which includes "the" before both basis and purpose—clearly denotes two substantive requirements. Attachment: Memorandum Order, P.15. The federal government does not argue to this Court that this finding is in error. Instead, it concedes the need for both a basis and a purpose by presenting an argument regarding the sufficiency of the letter's stated basis in section I(B) of its opening brief and the sufficiency of the letter's stated purpose in section I(C) of its opening brief.

[5] It is worth noting that even now the federal government does not claim it has any basis to believe New Hampshire is in violation of HAVA other than bear speculation that New Hampshire *may* be violating federal law. Whether such a speculative, abstract assertion even constitutes a "basis" at all under the CRA is doubtful. And notably absent from this newly-alleged "basis" is any assertion that the federal government has information in its possession tending to show New Hampshire is in violation of HAVA.

show race based discrimination in voting and voter registration was occurring and that the purpose of this demand was to ascertain whether a violation of federal law was occurring); *In re Coleman*, 208 F. Supp. 199, 199 (S.D. Miss. 1962) (finding valid statement of the basis and the purpose where it was explained that the Attorney General had information "tending to show that discriminations on the basis of race and color have been made with respect to registration and voting").

11. But it is nevertheless a clear statutory requirement with which the government of the United States must comply if it is going to demand a state turn over voting records pursuant to the CRA.

12. It has now been more than a year since the United States Attorney General sent her facially insufficient CRA demand to Secretary Scanlan. In that time, no new demand letter with a written statement of the basis therefor has been received by Secretary Scanlan. Instead of issuing such a letter, the federal government has chosen to proceed with litigation before the federal district court and, having lost, is seeking review before this Court. This Court need not prolong or complicate this matter as no substantial question needs to be answered to resolve this matter in favor of the State Defendants. Summary disposition pursuant to Local Rule 27(c) is therefore appropriate.

WHEREFORE, the State Defendants respectfully request that this honorable court:

A. Grant this motion; and

B. Grant such other and further relief as is just and equitable.

Respectfully submitted,

DAVID M. SCANLAN, NEW
HAMPSHIRE SECRETARY OF STATE

and

THE STATE OF NEW HAMPSHIRE

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

ANTHONY J. GALDIERI
SOLICITOR GENERAL

September 1, 2026

*/s/ Mary A. Triick*

Mary A. Triick, Bar No. 1213543
Senior Assistant Attorney General
New Hampshire Dept. of Justice
1 Granite Place, South
Concord, NH 03301
(603) 271-0447
mary.a.triick@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

September 1, 2026

*/s/ Mary A. Triick*
Mary A. Triick, No. 1213543
Senior Assistant Attorney General