IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

No. 26-1783

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

DAVID M. SCANLAN, New Hampshire Secretary of State; STATE OF NEW HAMPSHIRE; NEAL KURK; ROBERT PERRY; LOUISE SPENCER; CHRISTOPHER COLE,

Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

---

UNITED STATES' RESPONSE TO NEW HAMPSHIRE'S
MOTION FOR SUMMARY DISPOSITION

---

Appellant United States submits this Response to the Motion for Summary Disposition filed under Local Rule 27.0(c) by defendants-appellees New Hampshire Secretary of State David M. Scanlan and the State of New Hampshire (collectively, New Hampshire). For the following reasons, this Court should deny the Motion.

1. On June 29, 2026, the district court entered a Memorandum Order dismissing the Department of Justice's (DOJ's) Complaint alleging that New Hampshire violated Title III of the Civil Rights Act of 1960, 52 U.S.C. 20701 *et seq.*, by refusing the Attorney General's written demand for an electronic, unredacted copy of its Statewide Voter Registration List (SVRL) to determine the State's compliance with the Help America Vote Act of 2002. The court held that (1) the SVRL is not a record or paper that Title III requires Secretary Scanlan to retain and preserve and to produce upon the DOJ's written demand, *see* 52 U.S.C. 20701; and (2) the DOJ failed to provide an adequate basis of the demand, *see* 52 U.S.C. 20703.

2. The United States timely appealed the district court's Order. This Court issued a briefing schedule setting the due date for the United States' opening brief at September 14, 2026, and the due date for the defendants' response briefs at 30 days later (October 14, 2026). The United States filed its Opening Brief on August 3, 2026, which reset the due date for the defendants' Response Briefs to September 2, 2026.

3. On August 20, 2026, New Hampshire filed an opposed Motion to Extend the Deadline to file its response brief requesting an additional 30

days to file its brief. This Court granted this Motion, extending the due date of New Hampshire's response brief to October 2, 2026.

4. On September 1, 2026, New Hampshire filed the instant Motion for Summary Disposition under Local Rule 27.0(c), which authorizes this Court to dismiss an appeal, either on an appellee's motion or sua sponte, "if it shall clearly appear that no substantial question is presented." The Motion argues that the issue of whether DOJ's demand for New Hampshire's SVRL provided an adequate basis does not present a "substantial question." Motion 2. Despite Rule 27's admonition that "[m]otions for such relief should be promptly filed when the occasion appears," Local Rule 27.0(c). New Hampshire did not file the Motion until 29 days after it received the United States' Opening Brief.

5. Conspicuously absent from New Hampshire's Motion for Summary Disposition is any explanation of what constitutes a "substantial question" and why it is not presented by the United States' appeal. Another federal court of appeals has held that "summary disposition is necessary and proper" where "the position of one of the parties is *clearly right as a matter of law* so that there can be no substantial question as to the outcome of the case." *Groendyke Transp.,*

*Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (emphasis added). And, under this Court's rules, it must "clearly appear" that there is no substantial question. Local Rule 27.0(c). This standard does not compel summary dismissal of the United States' appeal because the most relevant precedent, *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), *supports* the United States' position that the DOJ's demand provided an adequate basis. *See* U.S. Br. 37-40.

6. This Court ordered briefing, which has been completed, in three appeals raising identical issues—*United States v. Amore*, No. 26-1665, *United States v. Galvin*, No. 26-1657, and *United States v. Bellows*, No. 26-1676. No other defendant has suggested that this case could be disposed of summarily or fails to even present a "substantial question," nor has this Court suggested so in any of those three appeals. *See* Local Rule 27.0(c) (noting that the Court may grant summary disposition "sua sponte"). Moreover, the United States' appeals of adverse decisions in cases that raise identical issues are pending in the Second, Third, Fourth, Seventh, Eighth, Ninth, and Tenth Circuits. None of those courts have granted summary disposition, suggested it may be appropriate, or deviated from the ordinary practice of full briefing and argument.

7. In a related appeal in the Sixth Circuit, although the United States lost its appeal, five judges would have heard the case en banc and expressed the view that the Attorney General's stated demand could not be "granular[ly] second-guess[ed]" by courts. *United States v. Benson*, No. 26-1225, 2026 WL 2364306, at *15 (6th Cir. Aug. 14, 2026) (Thapar, J., joined by four other Circuit Judges, dissenting); U.S. Br. 39-40. This disagreement belies the assertion that the United States' appeal involves no "substantial question." Local Rule 27.0(c).

8. Should the United States prevail in the appeals in this Court, that will establish binding precedent requiring New Hampshire to disclose its unredacted SVRL to the DOJ. This further indicates that dismissal of the United States' appeal is premature at this time.

WHEREFORE, the United States respectfully requests that this Court deny New Hampshire's Motion for Summary Disposition.

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ERIC A. SELL
Deputy Assistant Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
DAVID N. GOLDMAN
CHRISTOPHER C. WANG
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 532-3803

Date: September 11, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 823 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: September 11, 2026